UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 10-09895 DMG (JCx)** | Date | January 14, 2011 |
|---|---|---|---|

| Title | *Arcenia S. Carrillo v. ETS Services, LLC, et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF JURISDICTION AND/OR IMPROPER REMOVAL**

On October 27, 2010, Plaintiff filed a complaint in Los Angeles County Superior Court against ETS Services, LLC ("ETS"), Wells Fargo Bank N.A. ("Wells Fargo"), Wachovia Mortgage Co. ("Wachovia"), and Does 1 through 10. On December 22, 2010, Wachovia removed the action to this Court on the basis of diversity of citizenship.[1] *See* 28 U.S.C. §§ 1332(a), 1441.

On January 13, 2011, Plaintiff filed an *ex parte* application for temporary restraining order ("TRO"), seeking to enjoin a January 18, 2011 foreclosure sale. Wachovia notified the Court on January 14, 2011 that it is voluntarily postponing the foreclosure sale until three weeks after January 18, 2011, *i.e.*, until February 8, 2011. Accordingly, Plaintiff's *ex parte* application for TRO is **DENIED** as moot.

"Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)). The existence of diversity depends upon the citizenship of the parties named, regardless of whether they have been served. *See Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969); *see also Soo v. United Parcel Service, Inc.*, 73 F. Supp. 2d 1126, 1128 (N.D. Cal. 1999). Citizenship is determined as of the date the action was filed in state court. *See Digimarc*, 549 F.3d at 1236 ("[T]he jurisdiction of the court depends upon the state of things at the time of the action brought." (quoting *Mullan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539, 6 L.Ed. 154 (1824))). The removing party has the burden of demonstrating

---

[1] In its notice of removal, Wachovia states that it is a wholly-owned subsidiary of Wells Fargo, and treats the two interchangeably. The complaint is similarly unclear whether Plaintiff is suing both Wachovia and Wells Fargo or Wachovia as a subsidiary of Wells Fargo. The Court assumes Plaintiff is suing only ETS and Wachovia.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 10-09895 DMG (JCx)** | Date | January 14, 2011 |
| Title | *Arcenia S. Carrillo v. ETS Services, LLC, et al.* | Page | 2 of 2 |

diversity.  *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010).

Plaintiff is a California citizen.  (Compl. ¶ 3.)  Wachovia is a South Dakota citizen for diversity jurisdiction purposes.  (Notice of Removal at 3, Ex. C.)  Wachovia asserts that ETS, though a California citizen, is to be ignored for diversity jurisdiction purposes because it is a nominal defendant.  Plaintiff, however, appears to seek monetary damages against *all* defendants, including ETS.  (*See* Compl. at 22-23.)

In addition, it is unclear whether the removal was timely.  Wachovia contends that removal was timely because neither it nor ETS has been served with the summons and complaint.  The date of service, however, is not the relevant date.  "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  28 U.S.C. § 1446(b) (emphasis added).

Accordingly, the parties are **ORDERED TO SHOW CAUSE** why this action should not be remanded for lack of jurisdiction and/or improper removal.  Plaintiff shall file her response by **January 19, 2011, by no later than 12:00 p.m.**  Wachovia shall file its reply by **January 20, 2011, by no later than 5:00 p.m.**

**IT IS SO ORDERED.**