UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 10-09895 DMG (JCx)** | Date | January 28, 2011 |
| Title | *Arcenia S. Carrillo v. ETS Services, LLC, et al.* | Page | 1 of 6 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER GRANTING DEFENDANT WACHOVIA TIME TO FILE AMENDED NOTICE OF REMOVAL**

On October 27, 2010, Plaintiff filed a complaint in Los Angeles County Superior Court against ETS Services, LLC ("ETS"), Wells Fargo Bank N.A. ("Wells Fargo"), Wachovia Mortgage Co. ("Wachovia"), and Does 1 through 10. On December 22, 2010, Wachovia removed the action to this Court on the basis of diversity of citizenship. *See* 28 U.S.C. §§ 1332(a), 1441.

On January 13, 2011, Plaintiff filed an *ex parte* application for temporary restraining order ("TRO"), seeking to enjoin a January 18, 2011 foreclosure sale. Wachovia voluntarily postponed the foreclosure sale until February 8, 2011. In a January 14, 2011 Order [Doc. #10], the Court denied Plaintiff's *ex parte* application for TRO as moot and ordered the parties to show cause why this action should not be remanded for lack of diversity jurisdiction and/or untimely removal. Plaintiff filed her response [Doc. #16] on January 19, 2011 and Wachovia filed its response [Doc. #14] on January 20, 2011.

"Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)). The existence of diversity depends upon the citizenship of the parties named, regardless of whether they have been served. *See Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969); *see also Soo v. United Parcel Serv., Inc.*, 73 F. Supp. 2d 1126, 1128 (N.D. Cal. 1999). Citizenship is determined as of the date the action was filed in state court. *See Digimarc*, 549 F.3d at 1236 ("[T]he jurisdiction of the court depends upon the state of things at the time of the action brought." (quoting *Mullan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539, 6 L.Ed. 154 (1824))). The removing party has the burden of demonstrating diversity by a preponderance of the evidence. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 10-09895 DMG (JCx) | Date | January 28, 2011 |
|---|---|---|---|
| Title | *Arcenia S. Carrillo v. ETS Services, LLC, et al.* | Page | 2 of 6 |

Plaintiff is a California citizen. (Compl. ¶ 3.) Wachovia is a South Dakota citizen for diversity jurisdiction purposes. (Notice of Removal at 3, Ex. C.) Wachovia asserts that ETS, though a California citizen, is to be ignored for diversity jurisdiction purposes because it is a nominal defendant. Because nominal parties are disregarded in determining diversity, *see Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1132 (9th Cir. 2002), the jurisdictional question turns on whether ETS is a nominal party.

### A. ETS Is Not A Nominal Party

Although "the paradigmatic example of a nominal defendant is 'a bank or trustee [that] has only a custodial claim to the property,'" *S.E.C. v. Ross*, 504 F.3d 1130, 1141 (9th Cir. 2007) (quoting *S.E.C. v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998)) (brackets in *Ross*), Plaintiff does not allege that ETS's role was so circumscribed. Wachovia asserts that "Plaintiff has no possibility of recovery against ETS for merely conducting its trustee duties in recording foreclosure notices, as directed by . . . Wachovia." (Notice of Removal at 6.) That may be so, but Wachovia is making assumptions about the nature of Plaintiff's claims that simply cannot be inferred from the four corners of the complaint. Plaintiff does not distinguish between defendants in her allegations of misconduct or even identify ETS as a trustee. Moreover, the complaint clearly indicates that Plaintiff seeks monetary damages against all defendants, including ETS. (*See* Compl. at 22-23.)

Accordingly, the Court cannot conclude that ETS is a nominal defendant from the pleadings as they currently stand. Because "removal jurisdiction ousts state-court jurisdiction," it "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)) (quotation marks omitted).

### B. California Civil Code Section 2924l Has No Effect In Federal Court

Wachovia nonetheless contends that ETS is only a "nominal stakeholder" because it filed a declaration of nonmonetary status ("DNMS") in state court on November 24, 2010. (Notice of Removal at 4.) The DNMS procedure, Cal. Civ. Code § 2924l, is established by California's rules governing nonjudicial foreclosures. *See Mabry v. Superior Court*, 185 Cal. App. 4th 208, 220-21 & n.5, 110 Cal. Rptr. 3d 201 (2010). Section 2924l "provides a limited procedure by which a trustee under a deed of trust may avoid participation in litigation and liability for damages, costs, and attorney fees." *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 349, 85 Cal. Rptr. 3d 532 (2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 10-09895 DMG (JCx)** | Date | January 28, 2011 |
|---|---|---|---|
| Title | *Arcenia S. Carrillo v. ETS Services, LLC, et al.* | Page | 3 of 6 |

A trustee under a deed of trust may file a DNMS in an action or proceeding where the trustee "maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee." Cal. Civ. Code § 2924l(a). The DNMS must include, *inter alia*, the basis for the trustee's knowledge or reasonable belief that it has been named solely in its capacity as trustee, as well as a statement "that it agrees to be bound by whatever order or judgment is issued by the court regarding the subject deed of trust." *Id*. § 2924l(b). Unless another party objects within 15 days,

> the trustee shall not be required to participate any further in the action or proceeding, shall not be subject to any monetary awards as and for damages, attorneys' fees or costs, shall be required to respond to any discovery requests as a nonparty, and shall be bound by any court order relating to the subject deed of trust that is the subject of the action or proceeding.

*Id*. § 2924l(d). According to Wachovia, no party challenged ETS's DNMS. (Notice of Removal at 4.)

If a party objects within the 15-day period, the trustee is required to participate in the proceedings. Cal. Civ. Code § 2924l(e). Even if no objection is made within 15 days, a party may at any later time file a motion to amend its pleading so as to require the trustee to participate in the litigation. Such a motion must specify the factual basis for the demand. *Id*.; Cal. Civ. Proc. Code § 473.

The DNMS is thus a state procedural rule. *See Tran v. Wash. Mut. Bank*, No. CIV. S-09-3277 LKK/DAD, 2010 WL 520878, at *1 (E.D. Cal. Feb. 11, 2010) ("California Civil Code § 2924l is a state procedural rule, and not state substantive law. Accordingly, nonmonetary status may not be granted in federal court." (citation omitted)). "It is well-settled that the Federal Rules of Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (internal quotation marks omitted).

The Federal Rules have no analogue to the DNMS. While parties may enter into stipulations—for instance, a stipulation that Plaintiff does not seek monetary damages against ETS, *see Swanson v. EMC Mortg. Corp.*, No. CV F 09-1507 LJO DLB, 2010 WL 1173089, at *6, 2010 U.S. Dist. LEXIS 35876 (E.D. Cal. Mar. 23, 2010) (describing trustee defendant's attempt to reach such stipulation); *Falcocchia v. Saxon Mortg., Inc.*, 709 F. Supp. 2d 860, 863 n.1 (E.D. Cal. 2010) (accepting stipulation that trustee defendant with nonmonetary status in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 10-09895 DMG (JCx)** | Date | January 28, 2011 |
|---|---|---|---|

| Title | *Arcenia S. Carrillo v. ETS Services, LLC, et al.* | Page | 4 of 6 |
|---|---|---|---|

state court was nominal party in federal court)—these agreements must by definition be jointly made. A party cannot unilaterally file a stipulation that becomes binding on an adverse party merely because the adverse party fails to object. While Plaintiff's failure to respond to the DNMS may effectively negate her demand for damages in state proceedings, this failure has no effect here.

The Court recognizes that federal district courts in California have treated the nonmonetary status procedure in divergent and contradictory ways. Some courts have applied it wholesale as if it were substantive state law or a federal procedural rule. *See Ramirez v. SCME Mortg. Bankers, Inc.*, No. 09cv1931-L(POR), 2011 WL 9507, at *1, 2011 U.S. Dist. LEXIS 64 (S.D. Cal. Jan. 3, 2011) (applying section 2924l to action filed in federal court); *Ortiz v. IndyMac Bank, F.S.B.*, No. CV 09-8669 PSG (AJWx), 2010 WL 2035791, at *1 & n.1, 2010 U.S. Dist. LEXIS 57877 (C.D. Cal. May 20, 2010) (same where trustee defendant filed DNMS after removal); *Delgado v. Bank of Am. Corp.*, No. 1:09cv01638 AWI DLB, 2009 WL 4163525, at *4, 2009 U.S. Dist. LEXIS 114220 (E.D. Cal. Nov. 23, 2009) (same).

Other courts have applied the procedure if the DNMS was filed prior to removal. *See Figueiredo v. Aurora Loan*, No. C 09-4784 PJH, 2009 WL 5184472, at *1, 2009 U.S. Dist. LEXIS 119814 (N.D. Cal. Dec. 22, 2009) (treating as nominal a defendant that filed a DNMS one day prior to removal); *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1050, 1052 (N.D. Cal. 2009) (same); *Amaro v. Option One Mortg. Corp.*, No. EDCV 08-1498-VAP (AJWx), 2009 WL 103302, at *1, 2009 U.S. Dist. LEXIS 2855 (C.D. Cal. Jan. 14, 2009) (same where DNMS filed nine days prior to removal).

Still other courts have given effect to the procedure if the trustee defendant obtained nonmonetary status—*i.e.*, if the 15-day objection period expired—prior to removal. *See Rivera v. Aurora Loan Servs. LLC*, No. 09cv2686 BTM (RBB), 2010 WL 1709376, at *2, 2010 U.S. Dist. LEXIS 40633 (S.D. Cal. Apr. 26, 2010); *Cabriales v. Aurora Loan Servs.*, No. C 10-161 MEJ, 2010 WL 761081, at *1 & n.1, 2010 U.S. Dist. LEXIS 24726 (N.D. Cal. Mar. 2, 2010); *Sun v. Bank of America Corp.*, No. SACV 10-0004 AG (MLGx), 2010 WL 454720, at *2, 2010 U.S. Dist. LEXIS 19554 (C.D. Cal. Feb. 8, 2010) (holding that nonmonetary status does not apply if removal is effected before the 15-day objection period has expired); *Lawrence v. Aurora Loan Servs. LLC*, No. 1:09cv01598 LJO DLB, 2010 WL 449734 (E.D. Cal. Feb. 8, 2010) (treating non-diverse defendant with nonmonetary status as nominal but remanding action after the plaintiffs filed amended complaint clarifying that they sought monetary damages against the trustee defendant); *Ortega v. HomEq Servicing*, No. CV 09-02130 MMM (DTBx), 2010 WL 383368, at *1 & n.1, 2010 U.S. Dist. LEXIS 93221 (C.D. Cal. Jan. 25, 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 10-09895 DMG (JCx)** | Date | January 28, 2011 |
|---|---|---|---|
| Title | *Arcenia S. Carrillo v. ETS Services, LLC, et al.* | Page | 5 of 6 |

The problem with all of these approaches is that they require application of state procedural law in federal court. It is black-letter law that federal courts sitting in diversity apply federal rather than state procedural rules. *Knievel v. ESPN*, 393 F.3d 1068, 1073 (9th Cir. 2005) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). By treating a trustee defendant as if it had nonmonetary status, a federal court gives force to a state procedural rule that has no basis under the Federal Rules. The presence or absence of diversity cannot depend upon the operation of a state procedural rule.

The result might be different if Plaintiff had defaulted on her claims for monetary damages against ETS. Yet, she has not. Were this action still pending in state court, Plaintiff could move at any time to reinstate these claims and to require ETS to participate in the litigation. *See* Cal. Civ. Code § 2924l(e). Thus, a trustee's nonmonetary status has no finality until the time of judgment. *Cf. Kachlon*, 168 Cal. App. 4th at 350 (finding trustee's post-judgment DNMS to be ineffectual).

Section 2924 is merely a procedural convenience that, with the passive consent of the other parties, allows a trustee defendant to abstain from litigating without forfeiting its rights. It does not apply in federal court. Because diversity did not exist as of the date of removal, the Court cannot exercise jurisdiction over this matter. *See Geographic Expeditions*, 599 F.3d at 1107 ("[R]emoval jurisdiction ousts state-court jurisdiction and 'must be rejected if there is any doubt as to the right of removal in the first instance.'" (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992))).

C.  **The Issue Of ETS's Citizenship**

That would be the end of the matter except that, in their responses to the Court's OSC, both Plaintiff and Wachovia cast doubt on whether ETS is in fact a California citizen. Plaintiff asserts that she has recently discovered ETS to be incorporated in the state of Delaware although doing business in California. Plaintiff further states that ETS has "substituted Golden West Savings Association Service Company ("Golden West") as the named trustee on the Deed of Trust encumbering the subject properties." (Pl.'s Response at 2.)

Under the federal diversity jurisdiction statute, a corporation is deemed to be a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business "should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, __ U.S. __, 130 S.Ct. 1181, 1192, __ L.Ed.2d __ (2010). On the other hand, a limited liability company—a category to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 10-09895 DMG (JCx)** | Date | January 28, 2011 |
| Title | *Arcenia S. Carrillo v. ETS Services, LLC, et al.* | Page | 6 of 6 |

which ETS nominally belongs—"is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Plaintiff's additional information about ETS's state of "incorporation" thus clouds the picture. Furthermore, as Wachovia points out, Golden West's citizenship is irrelevant to the calculus because Golden West is not currently a party to this action.

In a footnote, Wachovia states that it "may amend its Notice of Removal to clarify ETS' citizenship in Delaware and Michigan." (Wachovia's Response at 4 n.1.) If Wachovia can show by a preponderance of the evidence that ETS is not a California citizen, then remand will not be necessary. Therefore, Wachovia shall file its amended notice of removal on or before **February 4, 2011**. If Wachovia does not file a timely amended notice of removal showing that ETS was diverse at the time of removal, then this action will be remanded to state court.

**IT IS SO ORDERED.**